**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6688**

———————

In Re:  JOHN PATRICK MCSHEFFREY,

                                                    Petitioner.

———————

**No. 04-6697**

———————

JOHN PATRICK MCSHEFFREY,

                                    Petitioner - Appellant,

         versus

UNITED STATES OF AMERICA,

                                    Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert E. Payne, District Judge. (CR-92-76; CA-92-729)

———————

Submitted:  November 30, 2004         Decided:  January 6, 2005

———————

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

———————

No. 04-6688: Petition denied; No. 04-6697: Affirmed in part; dismissed in part by unpublished per curiam opinion.

John Patrick McSheffrey, Appellant Pro Se.  George Maralan Kelley, III, Assistant United States Attorney, Mark Anthony Exley, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Patrick McSheffrey appeals the district court's order denying his motion to vacate its September 1992 order, his motion for the return of property, and his motion for grand jury transcripts. With respect to his motion to vacate, properly deemed a motion for reconsideration under Fed. R. Civ. P. 60(b), the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 368-69 (4th Cir. 2004) (holding that appeal from the denial of a Rule 60(b) motion in a habeas action requires a certificate of appealability). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that McSheffrey has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss that portion of the appeal.

With respect to the denial of McSheffrey's motions for the return of property and to inspect grand jury transcripts, we

have reviewed the record and the court's order and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. See United States v. McSheffrey, Nos. CR-92-76, CA-92-729 (E.D. Va. Mar. 29, 2004).

McSheffrey also petitions this Court for a writ of mandamus seeking an order directing the district court to vacate its September 1992 order. Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). In seeking mandamus relief, McSheffrey carries the heavy burden of showing that he has no other adequate means to attain the relief sought and that his right to such relief is clear and indisputable. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). We find that McSheffrey has failed to meet this burden. Accordingly, we deny the mandamus petition. While we grant McSheffrey's motions to file supplemental authorities pursuant to Fed. R. App. P. 28(j) and to proceed on appeal in forma pauperis, we deny his motions for oral argument, for clarification and/or more definite statement, and to place the case in abeyance for United States v. Booker, 2004 WL 1713654 (cert. granted, Aug. 2, 2004, argued Oct. 4, 2004) (No. 04-104), and United States v. Fanfan, 2004 WL 1713655 (cert. granted, Aug. 2, 2004, argued Oct. 4, 2004) (No. 04-105). We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

                                    No. 04-6688: <u>PETITION DENIED</u>
                                    No. 04-6697: <u>AFFIRMED IN PART;</u>
                                                 <u>DISMISSED IN PART</u>